UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOHN DOE,

Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,

Defendants.

Case No.: 3:26-cv-00310-MMD-CLB

ORDER

## I. SUMMARY

Following screening, the Court permitted *pro se* Plaintiff John Doe to proceed on his claim under Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1) against Defendants United States Citizenship and Immigration Services ("USCIS"), USCIS Director Joseph B. Edlow, and Department of Homeland Security Secretary Markwayne Mullin based on allegations that Defendants unreasonably delayed adjudication of his Violence Against Women Act immigration petition.[1] (ECF No. 9 at 2-3.) Before the Court is Defendants' motion to dismiss for improper service of process. (ECF No. 27 ("Motion")[2].) For the reasons discussed herein, the Court denies the Motion without prejudice and will extend the time for Plaintiff to properly serve Defendants.

## II. RELEVANT BACKGROUND

Plaintiff initiated this action with the filing of the application to proceed *in forma pauperis* on April 29, 2026. (ECF No. 2.) The Court granted the application. (ECF No. 9 at 3.) The Court later directed Plaintiff to submit three USM-285 forms to the U.S.

[1]Plaintiff also named First Assistant United States Attorney Sigal Chattah and Acting Attorney General of the United States Todd Blanche, but the Court did not permit the APA claim to proceed against these two Defendants. (ECF No. 9 at 2.)

[2]Plaintiff filed a response (ECF No. 31). Defendants did not file a reply.

Marshals Office for service of process and directed the Clerk of Court to issue summons.[3] (ECF No. 14 at 2.) The USMS returned executed summons on Defendants on July 2, 2026. (ECF Nos. 18, 19, 20.)

## III. DISCUSSION

Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) for insufficient service of process, contending that Plaintiff has not properly served them with process. In response, Plaintiff explains how service was effectuated and asks for an extension of time to serve Defendants to the extent the Court finds the Motion to be credible.[4] (ECF No. 31 at 3.) The Court agrees with Defendants that they have not been properly served, but the Court finds Plaintiff offers good cause to extend the time to serve Defendants.

Under the Federal Rules of Civil Procedure, a defendant may seek dismissal of a case for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). Service of process is a procedural requirement as a federal court lacks "personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987). Here, Plaintiff sues both a United States agency (USCIS) and officers in their official capacity (Mullen and Edlow) so Rule 4(i)(1),(2) covers service of process.[5] As

---

[3]Plaintiff filed proposed summons for each Defendant to be served on the "Office of the Chief Counsel" for Mullen in Washington D.C. (ECF No. 12) and for USCIS and Edlow in Camp Springs, Maryland (ECF Nos. 12-1 (USCIS), 12-2 (Edlow)). The summons returned reflect service of Defendants based on the information Plaintiff provided. (ECF Nos. 18, 19, 20.)

[4]Plaintiff explained that he had planned to serve Chattah and Blanche, two Defendants who were dismissed; and he had initially submitted the three USM-285 forms to the U.S. Marshal for service, but he did not have access to the signed summons. (ECF No. 31 at 2-3.)

[5]Federal Rule of Civil Procedure 4(i)(1) provides the following for service on the United States:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States

Defendants point out, Plaintiff has not complied with Rule 4(i)(1) by (1) delivering a copy of the summons and complaint to designated personnel with the United States Attorney for the district or sending a copy by registered or certified mail to the United States attorney's office or (2) sending a copy by registered or certified mail to the Attorney General of the United States. (ECF No. 27 at 3.) Accordingly, Defendants have not been properly served.

Plaintiff asks for an extension of time to effectuate proper service.[6] (ECF No. 31 at 3.) Under the Federal Rules, where a plaintiff demonstrates good cause for failure to serve, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The Court finds Plaintiff has attempted to properly serve Defendants and has demonstrated good cause to extend the time for Plaintiff to complete service of process. Accordingly, the Court will give Plaintiff 60 day from issuance of this order to serve Defendants.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

///

///

---

attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Rule 4(i)(2) provides, in pertinent part that to serve a United States agency or a United States officer sued in an official capacity, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, . . . officer." Plaintiff has complied with the latter part of Rule 4(i)(2) by serving the agency and officers, but the United States has not been properly served.

[6]Defendants did not file a reply to argue that the Court should not extend the time for service.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 27) is denied without prejudice.

It is further ordered that Plaintiff effectuate service of process within 60 days from the date of this order.

DATED THIS 20th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE